# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Marie Encar Arnold,

     Plaintiff,

vs.

Trump Las Vegas Sale & Marketing Inc., et al.,

     Defendants.

**Case No. 2:25-cv-00035-GMN-MDC**

**REPORT AND RECOMMENDATION TO DENY MOTIONS TO DISMISS BY DEFENDANT TRUMP LV 4600 LLC (ECF Nos. 9 and 26)**

Per 28 USC 636, I was referred the *Motions to Dismiss* (ECF Nos.9 and 26) by defendant Trump LV 4600 LLC. For the reasons below, I **RECOMMEND** the motions be **DENIED** without prejudice.

## DISCUSSION

Plaintiff alleges that she was a member of the Republican Party and initiated this action against defendants relative to plaintiff's purchase of certain merchandise and memberships associated with President Donald J. Trump. On May 29, 2025, defendant Trump LV 4600 LLC filed a *Motion to Dismiss* (ECF No. 9) plaintiff's complaint. That motion was filed *pro se* and signed by a representative of defendant Trump LV 4600 LLC, Anthony Lee, who is not identified as counsel. Without explanation, defendant Trump LV 4600 LLC filed the same motion on June 25, 2025 (ECF No. 26).

I recommend denying both motions because they were filed *pro se*. Business entities, like defendant Trump LV 4600 LLC, may not appear and request relief from the Court *pro se*; they must do so through counsel[1]. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506

---

[1] Attorney Michael B. Lee (NV Bar 10122) entered a notice of appearance on behalf of Trump LV 4600 LV on July 3, 2025 (ECF No. 30), after both *pro se* motions were filed. Mr. Lee then filed an omnibus reply in support

U.S. 194, 201, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("save in a few aberrant cases," 28 U.S.C. § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.").

Accordingly,

**I RECOMMEND that** the *Motions to Dismiss* (ECF Nos. 9 and 26) by defendant Trump LV 4600 LLC be **DENIED** without prejudice.

DATED: November 24, 2025.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

of both motions (ECF No. 32). These circumstances do not change the outcome of my recommendation to deny the motions. *See Nw. Sheet Metal Workers Organizational Tr. v. Crescent Mech. Inc.,* No. 2:24-CV-00891-LK, 2024 WL 3358744, at *1 (W.D. Wash. July 10, 2024)"[C]ourts routinely refuse to consider submissions filed by non-attorneys on behalf of corporations.")(collecting numerous supporting authorities).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.