UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Marie Encar Arnold,<br><br>    Plaintiff,<br><br>vs.<br><br>Trump Las Vegas Sale & Marketing Inc., et al.,<br><br>    Defendants. | Case No. 2:25-cv-00035-GMN-MDC<br><br>**REPORT AND RECOMMENDATION TO GRANT MOTIONS TO DISMISS BY DEFENDANTS TRUMP CONSULTING & MARKETING LLC and TRUMP LAS VEGAS SALE & MARKETING INC. (ECF Nos. 14 and 18)** |

  Per 28 USC 636, I was referred the *Motions to Dismiss* (ECF Nos. 14 and 18)("Motions") by defendants Trump Consulting & Marketing LLC ("TCM") and Trump Las Vegas Sale & Marketing Inc. ("TLVSM"). For the reasons below, I **RECOMMEND** the Motions be **GRANTED** and plaintiff's Complaint be **DISMISSED without leave to amend**.

### **DISCUSSION**

**I. FACTS**

  This is a breach of contract action. Plaintiff, who is pro se, alleges that she entered into a sales contract to purchase a "Trump Pence Military Hat" and two "Trump Pence member cards" providing certain benefits and discounts. *See Complaint, ECF No. 6.* Plaintiff alleges that she was overcharged $105.00 on April 19, 2019, in breach of the sales contract, and asserts a breach of contract under NRS 333.365(1) and a fraud claim per 7 U.S.C. §6b. *ECF No. 6.* This is the extent of plaintiff's substantive

allegations. Plaintiff does not allege that any of the named defendants were parties to that sales contract[1] or that they otherwise committed any actionable conduct. *Id.*

This is plaintiff's second attempt to assert claims against the named defendants based on the alleged sales contract to purchase a "Trump Pence Military Hat" and two "Trump Pence member cards." Plaintiff previously filed an identical action at Case No. 2:24-cv-2239-APG-EJY ("Case No. 2239"), naming the same defendants and asserting the same causes of action. *See Case No. 2239 at ECF No. 4 (First Amended Complaint)*. The Court dismissed Case No. 2239, finding that plaintiff failed to allege jurisdiction. *See Case No. 2239 at ECF Nos. 9 (Report and Recommendation) and 10 (Order Adopting Report and Recommendation)*. Among other things, Judge Elayna J. Youchah found the Court lacked diversity jurisdiction per 28 U.S.C. § 1332 because all parties are Nevada residents, and the only supportable damages alleged were $105.00. *Case No. 2239, ECF No. 9 at p. 3.* Judge Youchah also found lack of federal question jurisdiction under 28 U.S.C. § 1331 because plaintiff did not state a claim for breach of 7 U.S.C. §6b. *Id.* District Judge Andrew P. Gordon adopted Judge Youchah's Report and Recommendation and dismissed plaintiff's complaint without leave to amend, but without prejudice for plaintiff to pursue her breach of contract claim in state court. *Case No., 2239 at ECF No. 10.*

Defendants TCM and TLVSM argue that plaintiff's complaint in this action should be dismissed for similar and other reasons. *See ECF Nos. 14 and 18*.

II.   ANALYSIS

Courts liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] Plaintiff attached to her Complaint a copy of the Terms and Conditions of the Trump Pence member cards which identifies non-party, "Trump International Hotels Management, LLC dba Trump Hotels," as the operator of the cards. *ECF No. 1 at Exhibit A.*

2

678 (2009). Nonetheless, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. *See also* Fed. R. Civ. P. 12(b)(6). "Conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir.1998).

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (internal quotations omitted)(citation omitted). "The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *McCauley v. Ford Motor Co*., 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936)).

### A. The Court Does Not Have Diversity Jurisdiction

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *28 U.S.C. § 1331*. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." *28 U.S.C. § 1332(a)*. "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc*., 236 F.3d 1061, 1067 (9th Cir. 2001). The Court lacks diversity jurisdiction. Plaintiff is a resident of Nevada and alleges that all three named defendants, TCM, TLVSM, and Trump LV 4600 LLC, are incorporated and conduct business in Nevada. *ECF No. 6*. Moreover, the amount at controversy is only $105.00, well below the Section 1332(a) threshold.

### B. The Court Does Not Have Federal Question Jurisdiction

The Court lacks federal question jurisdiction under 28 U.S.C. § 1331 because plaintiff fails to

state a claim under 7 U.S.C. § 6b, which is part of the Commodities Exchange Act and deals with contracts "of sale of any commodity." *Id.*   A claim under 7 U.S.C. § 6b is a fraud claim.  The statute provides, in relevant part, that it is unlawful for any person to do any of the following in connection with any commodity sales contract:

> (A) cheat or defraud or attempt to cheat or defraud the other person;
> (B) willfully to make or cause to be made to the other person any false report or statement or willfully to enter or cause to be entered ... any false record; [or]
> (C) willfully to deceive or attempt to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for ... the other person[.]

7 U.S.C. § 6b(a).

Federal Rule of Civil Procedure 9 requires all fraud claims to be stated with particularity.  *Id. See also Dzurka Bros., LLC v. Luckey Farmers, Inc.,* 712 F. Supp. 3d 979, 997 (E.D. Mich. 2024)("As a claim involving fraud or mistake, a party alleging a fraudulent and misleading contract in violation of 7 U.S.C. § 6b(a) must state such claim with particularity)(internal quotations omitted)(citing Fed. R. Civ. P. 9(b)).   "To comply with the rule, the complaint must state with particularity the circumstances constituting the fraud, including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Daniels Fam. 2001 Revocable Tr. v. Las Vegas Sands Corp.,* 594 F. Supp. 3d 1242, 1253 (D. Nev. 2022)(*internal quotations omitted*)(*quoting Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).

Plaintiff did not allege any facts with particularity to establish these elements in support of her 7 U.S.C. § 6b(a) claim.  I therefore find that Plaintiff does not state a 7 U.S.C. § 6b(a) claim that she was induced into a commodities contract that was fraudulent. Because Plaintiff does state a 7 U.S.C. §6b claim, I further find the Court also lacks federal question jurisdiction under 28 U.S.C. §1331.

### C.     Plaintiff Does Not Allege Any Actionable Conduct by Defendants

Moving defendants argue that plaintiff does not identify any conduct by them supporting her causes of action. *See ECF No. 14 at p. 6.* A complaint that "lump[s] together" several defendants in broad allegations does not satisfy the notice requirement of Rule 8(a)(2). *Melnek v. Las Vegas Metro. Police Dep't*, No. 2:23-CV-01303-GMN-MDC, 2024 WL 2115935, at *4 (D. Nev. May 10, 2024)(*quoting Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)). A complaint must identify "what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." *Melnek,* 2024 WL 2115935, at *4)(*citing In re iPhone Application Litig.*, No. 11–MD–02250–LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011)). Plaintiff does not identify any conduct by the named defendants which supports her causes of action. Instead, Plaintiff identifies one singular defendant, which she vaguely refers to as "Trump," *e.g.*:

> Marie Encar Arnold…. purchased to member to TRUMP PENCE military hat, Make America Great Again Committee. Defendant ("Trump") would automatically deduct $35.00 a month from Plaintiffs Marie Encar Arnold BOA account. Plaintiff Marie Encar Arnold got two TRUMP PENCE member cards one Silver, and Gold member account *******33…. Defendant ("TRUMP") breached the sale contract on April 24, 2019, overcharging the $105.00 on a month of April 24, 2019.
> Plaintiff Marie Encar Arnold, it was a mistake and noticed no refund next following month. Plaintiff Marie Encar Arnold. Defendant ("TRUMP") closed the account of the ("TRUMP") Billionaire Membership *******33 account feeling guilty about overcharging $105.00. Plaintiff Marie Encar Arnold sent her demand letter on June 26, 2024, to his one of marketing. Defendant ("TRUMP") did not attempt to reach about the overcharges in his "TRUMP" Billionaire Gold Member Card.

*ECF No. 6 at p. 3.*

Plaintiff's failure to identify any actionable conduct by the named defendants not only violates Fed. R. Civ. P. 8 but requires dismissal for lack of jurisdiction. "A federal court lacks jurisdiction unless there is a 'case' or 'controversy' under Article III …." *McCullough v. Graber*, 726 F.3d 1057, 1059 (9th Cir. 2013). To satisfy Article III standing, a plaintiff must show an injury traceable to a

named defendant, among other things. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992).

### III. Dismissal Without Leave to Amend Is Proper

As discussed above, the Court previously dismissed plaintiff's identical claims in Case No. 2239 for the same reasons I recommend dismissal here. Plaintiff did not object to Judge Youchah's Report and Recommendation dismissing her claims in Case No. 2230 or appeal District Judge Andrew P. Gordon's Order adopting the Report and Recommendation. Therefore, I recommend granting the moving defendants' Motions and dismissing plaintiff's Complaint without leave to amend. I further recommend that plaintiff be warned that commencing a new action in this Court against the named defendants for the same facts may result in such action being dismissed with prejudice, the plaintiff designated a vexatious litigant, or other sanctions.

Accordingly, **I RECOMMEND** that:

(1) The *Motions to Dismiss* (ECF Nos. 14 and 18)("Motions") by defendants Trump Consulting & Marketing LLC ("TCM") and Trump Las Vegas Sale & Marketing Inc. ("TLVSM") be **GRANTED** and plaintiff's Complaint **DISMISSED without leave to amend**; and

(2) Plaintiff be warned that commencing a new action in this Court against the named defendants for the same facts may result in such action being dismissed with prejudice, the plaintiff designated a vexatious litigant, or other sanctions.

DATED: November 25, 2025.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

# NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.